WAL–MART STORES, INC.,
Appellant–Defendant,

v.

Pam WALL, Appellee–Plaintiff.

No. 53A01–9807–CV–270.

Court of Appeals of Indiana.

June 2, 1999.

Thomas F. Bedsole, Sandra Boyd Williams, Indianapolis, Indiana, Attorneys for Appellant.

Donald W. Francis, Jr., Bloomington, Indiana, Attorney for Appellee.

## OPINION

HOFFMAN, Senior Judge.

This is a small claims judgment against Wal–Mart for a slip and fall on ice in the parking lot. Judgment was entered after an unrecorded hearing. No record was made under Ind.Appellate Rule 7.3. However, the trial judge made extensive findings as to the evidence. The trial judge recited the evidence as follows:

On January 28, 1997, Plaintiff [Wall] was injured when she slipped and fell on ice in a travel lane of the parking lot immediately in front of defendant's entrance.

The evidence revealed that it was "cold and very slick out." While there had been an earlier snow, there was no precipitation on the date of the fall, the snow accumulation had been plowed and piled, the roadways and the parking lot were largely cleared, there had been some snow melt and refreezing, and ice appears to have existed only in specific locations.

Unfortunately for plaintiff, one of the icy areas was in the travel lane of the parking lot immediately in front of the entrance to defendant's store. It was in this icy strip where her brother, the driver of the van in which she was a passenger, stopped to allow plaintiff and another woman to exit the van to enter the store. As plaintiff stepped directly from the van onto the icy strip [sic], she immediately slipped and fell, ripping her fingernail from one of her fingers and breaking her wrist.

. . . . . . . . .

Defendant had contracted with another individual to plow snow and ice from its parking lot and to apply sand and salt to the surface of the parking lot to make it safe for customers. The independent contractor had, in fact, plowed the lot and had returned at various times on the date in question to check the condition of the lot. Defendant also delegated responsibility to one of its own employees to maintain the sidewalk immediately outside the store. This employee was provided with a shovel, sand, and salt to maintain the sidewalk. Defendant concedes that various of its employees would have had occasion to exit the store and enter upon the parking lot throughout the course of the day and thus be in a position to determine the condition of the parking lot at various points in time. It is clear from the evidence that defendant acted reasonably to fulfill its legal responsibility by the measures that it had adopted. It is also clear from the evidence that, despite defendant's best efforts, the icy strip referred to above accumulated in the travel lane immediately in front of the entrance to the store. Plaintiff on evidence indicated that there had been melting and refreezing during the course of the day, that it was apparent to any observer that it was "cold and very slick out" and that the weather had resulted in icy surfaces that were "deceiving" in appearance. It is also apparent from the photographs admitted into evidence that the icy strip in question was discernable to a reasonably alert observer and it is unrebutted that there was no evidence that the icy stip [sic] had been salted or sanded to make it safer for persons traversing it. Plaintiff fell at approximately 4:00 p.m. on a day when, as noted above, there had been some melting and refreezing of snow and ice. The evidence does not reveal how long the icy stip [sic] in front of the store had existed. Evidence offered by defendant was to the effect that something in the order of 7,500 people were likely to have entered the store on the date in question, with all of them successfully traversing the parking lot without incident, but for plaintiff.

(R. 17–18).

After recognizing that the case was controlled by the Comparative Fault Act, the trial court concluded:

[The] [m]ost that can be attributed to plaintiff is that she was generally aware that weather had resulted in slick conditions, that she had nonetheless accepted defendant's invitation to visit its premises to shop, and that she attempted to exit the vehicle in which she was a passenger to enter the store. Defendant knew, or should have known, through the observations of its employee-agents that the icy strip existed in front of the store, that its invitees had to cross the icy strip to enter the store, that some of its invitees might foreseeably exit their vehicles on the icy

strip immediately in front of the store, and that it had sand and salt to apply to the surface to make such pedestrian travel safer for its invitees. The Court would note that the photographs make it apparent that the icy stip [sic], whenever it may have been created by the weather had existed long enough for vehicular traffic to made [sic] discernable markings in the stip [sic].

Despite its misgivings described above, the Court concludes that the law of the State dictates a verdict in favor of plaintiff and the Court finds her summary of damages [$3,000.00] to be reasonable.

(R. 19).

■ Wal–Mart claims the judgment is contrary to law in that Wall failed to present evidence on each element of her claim. A possessor of land is subject to liability for physical harm caused to his invitee by a condition on the land if, but only if, he:

(a) knows, or by the exercise of reasonable care, would discover the condition and should realize that it involves an unreasonable risk of harm to such invitees; and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and

(c) fails to exercise reasonable care to protect them against the danger.

*Wal–Mart Stores, Inc. v. Blaylock,* 591 N.E.2d 624, 627 (Ind.Ct.App.1992), *trans. denied* (*quoting* RESTATEMENT (SECOND) OF TORTS § 343 (1965)).

■ Before addressing the issue raised by Wal–Mart, we must determine what constitutes evidence in a case where the trial was unrecorded, there has been no attempt to create a record pursuant to App.R. 7.3, and the trial court has issued extensive findings. We hold that the trial court's findings are sufficient to present a record for appeal, and we look to those findings to determine whether to uphold the judgment.

■ In this case, the trial court found that an icy area existed in front of the entrance of the store. The trial court also found that the icy strip had existed for a long enough time

that vehicular traffic had left markings in the area. The trial court further found that the store employees had occasion to enter this area throughout the course of the day and should have been aware of the condition. In addition, the trial court found that the area was deceiving in appearance and that the area had not been salted or sanded although the store had provided salt and sand and delegated an employee to maintain the area. This evidence is sufficient to cover all of the elements of Wall's claim. *See Get–N–Go, Inc. v. Markins,* 544 N.E.2d 484 (Ind.1989); *Hammond v. Allegretti,* 262 Ind. 82, 311 N.E.2d 821 (1974), *disapproved on other grounds, Burrell v. Meads,* 569 N.E.2d 637 (Ind.1991). Thus, the evidence supports the trial court's judgment on this issue.

Wal–Mart also raises the issue that the trial court failed to apply the Comparative Fault Act (Ind.Code § 34–4–33–1 *et seq.*).[1] The trial court specifically stated:

Frankly, the Court is inclined to attribute the greater degree of responsibility to plaintiff's brother for stopping immediately within the icy strip and thus necessitating the disembarkment of his passengers directly onto the icy strip. Nonetheless, any negligence on his part must amount to willful and wanton conduct for his role in this mishap [to be] considered in the comparative fault analysis and his conduct does not rise to this level.

(R. 18–19).

■ This is a misstatement of the law. Under the statute, his fault was any act or omission that is negligent, willful, wanton or reckless toward the person or property of the actor or others. Ind.Code § 34–4–33–2(a).[2] The conduct does not have to rise to the degree of wilful and wanton. The statute applies even if the conduct is negligent.

■ Wall asserts that her brother was not a party, and that Wal–Mart failed to raise the issue. Ind.Small Claims Rule 4(A) provides that "all defenses shall be deemed at issue without responsive pleadings, but this provision shall not alter the burden of

---

1. This statute was repealed in 1998. The replacement statute is found at Ind.Code § 34–51–2–1 *et seq.*

2. This statute is now found at Ind.Code § 34–6–2–45.

proof." The trial court understood that the case was to be resolved on the basis of comparative fault. Furthermore, we determine from the trial court's findings that the fault of Wall's brother was presented as an issue. The Comparative Fault Act requires a fact finder to apportion fault to the parties and non-parties, and apportion the damages consistently with the level of fault. The trial court found that the brother, a non-party, bore a great degree of responsibility. The trial court erred, however, in finding that only willful and wanton conduct was to be considered.

The cause is remanded to the trial court for reallocation of the damages under the comparative fault statute.

Reversed and remanded with instructions.

RUCKER, J., and DARDEN, J., concur.