# FOR PUBLICATION



FILED
Jun 21 2013, 5:51 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JULIE J. HAVENITH**
Travelers Staff Counsel Office
Merrillville, Indiana

ATTORNEY FOR APPELLEE:

Attorney for Horseshoe Hammond, LLC
**STACY J. VASILAK**
Querry & Harrow
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GASSER CHAIR COMPANY, INC., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1210-CT-435 |
| | ) | |
| MARLENE J. NORDENGREEN, | ) | |
| | ) | |
| Appellee-Plaintiff, | ) | |
| | ) | |
| HORSESHOE HAMMOND, LLC, d/b/a | ) | |
| HORSESHOE CASINO, | ) | |
| | ) | |
| Appellee-Third Party Defendant. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Gerald N. Svetanoff, Judge
Cause No. 45D04-1001-CT-7

**June 21, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Marlene Nordengreen sued Horseshoe Casino and Gasser Chair Company, alleging she was injured at Horseshoe while using a chair Gasser manufactured. The trial court granted summary judgment for Horseshoe but denied Gasser's motion. Gasser appeals, arguing the trial court should not have granted summary judgment for Horseshoe because Horseshoe did not provide evidence the Gasser chair was the proximate cause of Nordengreen's injury; it did not apply the correct standard of care by Horseshoe to its invitees; and there were issues of fact as to Horseshoe's knowledge of a defect on its premises.[1] We affirm the summary judgment for Horseshoe.

On cross-appeal, Horseshoe argues the trial court erred to the extent it determined certain third-party claims Horseshoe made against Gasser became moot by virtue of the summary judgment for Horseshoe. We agree and remand for consideration of those claims.

### FACTS AND PROCEDURAL HISTORY

In September of 2009, Nordengreen was a patron at the Horseshoe Casino in Hammond. She sat on a chair at a slot machine and the chair "came down and caught the back of [her] leg." (App. at 94.) Horseshoe bought 3300 chairs, including Nordengreen's, from Gasser. The chairs feature "[p]layer adjustable seat height," (*id*. at 154), and use a gas cylinder for the height adjustment.

---

[1] Gasser presents these as three discrete issues. As explained below, no evidence of proximate cause was required. The resolution of all three issues therefore turns on the determination whether there is an issue of fact as to Horseshoe's knowledge the Gasser chairs amounted to a dangerous condition on its premises.

The gas cylinders eventually wear out, "like the shock absorbers on your car." (*Id.* at 156.) How long the cylinder lasts depends on how often it is used, but the cylinders have a one-year warranty. Gasser provided Horseshoe with general maintenance instructions to inspect the chairs, including the gas cylinders, annually. Horseshoe inspected them daily. Gasser suggested a visual inspection and a pressure test: "basically sit on them and push down on them to be certain that they're holding the pressure." (*Id.* at 159.) Gasser gave Horseshoe no warning about what might happen if a gas cylinder failed. Gasser's president stated if the gas cylinder fails, the chair "[g]enerally doesn't collapse all at once." (*Id.* at 163.)

Nordengreen's chair was inspected immediately after the accident. It appeared the gas cylinder had failed, and the chair was removed from service so it could be repaired. It was repaired before Gasser could inspect it.

## DISCUSSION AND DECISION

When reviewing a grant or denial of summary judgment, our standard is the same as it was for the trial court: whether there is a genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. *Haub v. Eldridge*, 981 N.E.2d 96, 101 (Ind. Ct. App. 2012). Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows there is no genuine issue of material fact and the moving party deserves judgment as a matter of law. *Id.* There is a genuine issue of material fact when facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed facts can support conflicting inferences

3

on such an issue. *Id.* All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. *Id.* However, once the movant has carried its initial burden of going forward under Trial Rule 56(C), the nonmovant must come forward with sufficient evidence demonstrating the existence of genuine factual issues that should be resolved at trial. *Id.* A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth or if the undisputed facts support conflicting reasonable inferences. *In re Paternity of G.W.*, 983 N.E.2d 1193, 1196 (Ind. Ct. App. 2013).

### 1. Horseshoe's Knowledge of a Dangerous Condition on its Premises

The trial court's summary judgment in favor of Horseshoe was premised on evidence Gasser knew the gas cylinders were subject to failure within a year, but Horseshoe had not been warned about that. Nor did Gasser warn Horseshoe about what might happen if the gas cylinder failed. Other Gasser chairs at Horseshoe had "failed" before the Nordengreen incident, (App. at 12), but only one-half of one percent of the 3300 chairs Horseshoe bought from Gasser "appeared to have issues with the gas cylinders." (*Id.*) No patrons had been injured by gas cylinder problems. Therefore, the trial court determined, there was "no evidence from which it can be reasonably inferred that Horseshoe had actual or constructive notice that the chair upon which [Nordengreen] was seated at the time of her alleged injury presented a dangerous condition to her." (*Id.* at 12-13.)

4

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if he a) knows or by the exercise of reasonable care would discover the condition, and should realize it involves an unreasonable risk of harm to such invitees; b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and; c) fails to exercise reasonable care to protect them against the danger. *Burrell v. Meads*, 569 N.E.2d 637, 639-40 (Ind. 1991), *reh'g denied*. A defendant is entitled to summary judgment by demonstrating that the undisputed material facts negate at least one of the elements of the plaintiff's claim. *McCraney v. Gibson*, 952 N.E.2d 284, 288 (Ind. Ct. App. 2011) *trans. denied*. The designated evidence negated the element of Horseshoe's knowledge of the condition.

Gasser first asserts, without citation to authority, that

[b]efore the trial court could properly reach a conclusion regarding actual or constructive notice on the part of Horseshoe of a defect in the chair as a matter of law, there first had to be no genuine issue of material fact that a defect in the design or manufacture of the chair was in fact the sole proximate cause of [Nordengreen's] accident rather than another cause such as negligent inspection or maintenance of the chair by Horseshoe as alleged by [Nordengreen].

(Appellant's Br. at 9.)

We decline to accept Gasser's apparent premise that evidence of one element of a tort is necessarily required on summary judgment in order to negate a different element. Specifically, we decline to hold a premises owner's knowledge of a dangerous condition on its premises cannot be determined without first knowing the dangerous condition was the "sole proximate cause," (*id*.), of an injury. As we noted in *McCraney,* 952 N.E.2d at

5

288, a defendant is entitled to summary judgment if it demonstrates the undisputed material facts negate a single element of the plaintiff's claim.

The question before us, then, is whether Horseshoe negated the element of knowledge of a dangerous condition on its premises, and we decline Gasser's invitation to require in addition that Horseshoe offer proof regarding any other element. The trial court noted evidence other chairs at Horseshoe had failed before the incident involving Nordengreen, but Horseshoe received 3300 chairs from Gasser and only one-half of one percent "appeared to have issues with the gas cylinders on them." (App. at 12.) None of the problems with those chairs involved injuries to patrons. The trial court found no evidence from which it could be reasonably inferred that Horseshoe had actual or constructive knowledge the chair Nordengreen was using "presented a dangerous condition to her." (*Id*. at 13.)

Gasser asserts "the trial court held that there were *other problems with the chair* prior to Plaintiff's accident, and that Horseshoe knew of these problems."[2] (Appellant's Br. at 24) (emphasis added). Gasser then states, without explanation or citation to

---

[2] Gasser offers no citation to the record to support this statement regarding "the chair," and we can find no such trial court "holding." The trial court did note evidence "*other* chairs at the casino had failed" before the incident involving Nordengreen, (App. at 12) (emphasis added), but only one-half of one percent of the Gasser chairs Horseshoe bought "appeared to have issues with the gas cylinders" and no injuries to patrons had resulted. (*Id*.) We find nothing in the trial court's Order that states, or even suggests, there were problems of which Horseshoe was aware with the chair Nordengreen was using, and we admonish counsel to refrain from so misrepresenting the record. *See Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997) (noting a number of affirmative misrepresentations by Young's counsel of the evidence in the record, "which misrepresentations are particularly offensive because they would, if true, directly affect the propriety of the trial court grant of judgment on the evidence.") The same is true of Gasser's statement "there were other problems with the chair prior to Plaintiff's accident, and that Horseshoe knew of these problems."
.

6

authority, "[t]his alone constitutes evidence of actual or constructive notice of a danger on [Horseshoe's] premises." (*Id*. at 24.)

Gasser has waived this allegation of error. Bald assertions made in an appellate brief are not to be considered in determining whether there is a genuine issue of fact, *Pitcock v. Worldwide Recycling, Inc.*, 582 N.E.2d 412, 416 (Ind. Ct. App. 1991), and on review, we will not search the record to find a basis for a party's argument. *Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997).

Notwithstanding the waiver, we cannot say the evidence gives rise to a genuine issue of fact as to Horseshoe's knowledge the chair represented a dangerous condition on its premises. An invitor is not the insurer of the invitee's safety, and before liability may be imposed on the invitor, it must have actual or constructive knowledge of the danger. *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012). As explained above, Gasser has not demonstrated Horseshoe had actual knowledge Nordengreen's chair was dangerous.

Nor did it have constructive knowledge. There is constructive knowledge when a condition has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the invitor had used ordinary care. *Id*. In *Schulz*, the designated evidence reflected Schulz slipped on liquid at the back of the store. The time between her fall and a Kroger employee's arrival at the place where she fell was ten minutes at most, and ten minutes before she fell, the floor was clean and dry. "Short of imposing a strict liability standard or mandating an

7

employee's presence in every aisle at all times, we conclude that there is no genuine issue of fact in the case before us that Kroger did not have constructive knowledge of the hazardous condition." *Id.* We affirmed summary judgment for Kroger. *Id.*

In the case before us, the evidence was that Horseshoe inspected the chairs daily.[3] There had been no reported problems with the chair Nordengreen used. When a gas cylinder fails, the chair generally "doesn't collapse all at once." (App. at 163.) Instead, when someone sits on it, "it starts to drift downward." (*Id.*) Gasser did not warn Horseshoe a gas cylinder could suddenly fail, or warn it about what might happen if a gas cylinder failed. While the trial court noted there had been unspecified "issues" with gas cylinders on one-half of one percent of the chairs at Horseshoe, none of the problems had resulted in injuries. We cannot find a genuine issue of fact as to Horseshoe's knowledge the chair was a dangerous condition on its premises, and summary judgment for Horseshoe was not error.

### 2. Mootness

After Nordengreen brought her action, Horseshoe filed a third party complaint against Gasser alleging negligence, breach of contract, and breach of warranty. The trial

---

[3]   Gasser characterizes this and certain other statements as "unsupported, self-serving assertions" (Appellant's Br. at 12) on which a summary judgment should not be based. We have held it is error to base summary judgment solely on a party's self-serving affidavit "when evidence before the court raises a genuine issue as to the affiant's credibility." *Insuremax Ins. Co. v. Bice,* 879 N.E.2d 1187, 1190 (Ind. Ct. App. 2008), *trans. denied.* Gasser has not presented evidence disputing the credibility of Horseshoe's affiant, nor, as in *Bice,* "is there inconsistent or evasive language in the designated evidence." *Id.* We decline Gasser's invitation to hold a statement in an affidavit must be disregarded as "self-serving" just because it might support the opposing party's position.

court did not address those matters in the summary judgment order now before us, but in a footnote it said the "practical effect of this Order granting Horseshoe's Motion for Summary Judgment is to render moot Horseshoe's Third-Party Complaint against Gasser." (App. at 13 n.1.) On cross-appeal, Horseshoe argues that was error because its breach of contract and breach of warranty claims against Gasser remain. We agree,[4] and remand so the trial court may resolve the remaining issues raised in Horseshoe's third-party complaint.

Affirmed in part and remanded.

BAKER, J., and MATHIAS, J., concur.

---

[4] Gasser argues Horseshoe's attempt "to now appeal the trial court's *dismissal*" of the third-party claims is time-barred because Horseshoe "did not appeal the *dismissal* of its claims" within thirty days as required by rule. (Appellant's Reply Br. at 11) (emphases added). Gasser directs us to nothing in the record that indicates there was a trial court order "dismissing" the third-party complaint. We decline to hold the trial court's statement in a footnote about the "practical effect" of its summary judgment order amounts to a final order of dismissal that Horseshoe could have appealed.