**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**JEFFREY S. WRAGE**
**ANGELICA C. SCHULTIS**
Blachly Tabor Bozik & Hartman, LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**NELSON A. NETTLES**
**J. KIRK LEBLANC**
LeBlanc Nettles Davis
Brownsburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES S. KOMYANEK, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1407-CT-240 |
| | ) | |
| SODEXHO SERVICES OF INDIANA, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Roger V. Bradford, Judge
Cause No. 64C01-0811-CR-11391

**December 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Charles Komyanek appeals the trial court's grant of summary judgment in favor of Sodexho Services of Indiana ("Sodexho"). We affirm.

**Issue**

The dispositive issue before us is whether there is any genuine issue of material fact as to whether Sodexho breached a duty to Komyanek in connection with his slip-and-fall accident.

**Facts**

The evidence most favorable to Komyanek as summary judgment non-movant is that, in 2007, he was employed as a security guard by Porter Memorial Hospital ("the Hospital"). At that time, Sodexho was under contract with the Hospital to provide engineering services, including the maintenance and repair of floors and stairs in the Hospital building. Employees of Sodexho's engineering department frequently would walk through the building, looking for needed repairs and submitting repair requests as needed. Also, one of Komyanek's duties as security guard was to monitor the floors for possible tripping and slipping hazards. Komyanek walked down the Hospital's stairwells on most days that he worked.

On or about April 4, 2007, while patrolling the Hospital as usual, Komyanek slipped on the top step of a stairwell when his foot caught on gritty residue from a missing rubber piece on the stair step. Komyanek managed to grab the railing to prevent himself from falling all the way to the landing, but he still sustained injury. Komyanek had not previously noticed the missing rubber piece, either immediately before his fall or on

2

previous patrols on other days.  Komyanek could not say for sure whether he had walked in that stairwell on his previous day's shift, although he usually did so.  No other employee of the Hospital or Sodexho had previously reported the missing rubber piece on the step.

Komyanek sued Sodexho, claiming he had suffered serious and permanent injury from the fall and that Sodexho had breached a duty to him to remedy hazardous conditions on the Hospital premises.  Sodexho moved for summary judgment, which the trial court granted without explanation.  Komyanek now appeals.

**Analysis**

Before addressing the merits, we first note Komyanek's suggestion that we remand this case to the trial court to enter findings and conclusions or some kind of written explanation of why it granted Sodexho's summary judgment motion.  It is well-settled that special findings are not required in summary judgment proceedings and, even if they are entered, they are not binding on this court on appeal.  New Albany Historic Preserv. Comm'n, 965 N.E.2d 79, 84 (Ind. Ct. App. 2012).  Also, we will affirm a grant of summary judgment upon any theory supported by the designated evidence, regardless of a trial court's stated theory.  Henderson v. Reid Hosp. & Healthcare Servs., 17 N.E.3d 311, 315 (Ind. Ct. App. 2014).  It is true that such findings by a trial court can be helpful in our review, but they are not required.  Id.  Komyanek has cited some cases suggesting that we may remand for a trial court to enter specific findings and conclusions on a summary judgment ruling, such as Maroney v. Fraternal Order of Police Lodge No. 71, 546 N.E.2d 99, 100 (Ind. Ct. App. 1989), trans. denied.  That case, at most, indicated that it was "discretionary" as to whether to remand.  Id.  We see no reason to do so here.  The record

3

before us is clear, as are the party's arguments, and we are in as good a position as the trial court to determine whether there are any genuine issues of material fact and whether Sodexho is entitled to judgment as a matter of law.

Indeed, we review a granting of summary judgment de novo, reviewing the matter in the same way as the trial court. Hughley v. State, 15 N.E.3d 1000, 1003 (Ind. 2014). We will affirm such a ruling only if, after drawing all reasonable inferences in favor of the non-moving party, the designated evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. "'A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences.'" Id. (quoting Williams v. Tharp, 914 N.E.2d 756, 761 (Ind. 2009)).

A summary judgment movant bears the initial burden of demonstrating the absence of any genuine issue of fact on a determinative issue. Id. If the movant does so, the non-movant then bears the burden of coming forward with contrary evidence showing an issue for the trier of fact. Id. We must carefully review a grant of summary judgment to ensure that a party was not improperly denied its day in court. Id.

Komyanek's claim against Sodexho is based upon negligence. In order to prove a negligence claim, a plaintiff must show that: (1) the defendant owed plaintiff a duty; (2) it breached the duty; and (3) plaintiff's injury was proximately caused by the breach. Winfrey v. NLMP, Inc., 963 N.E.2d 609, 612 (Ind. Ct. App. 2012). "Summary judgment is rarely appropriate in negligence cases because they are particularly fact sensitive and are

4

governed by a standard of the objective reasonable person, which is best applied by a jury after hearing all the evidence." Id. Regardless, summary judgment may be granted to a defendant if the undisputed material evidence negates one element of a negligence claim. Id.

The parties dispute whether Sodexho owed Komyanek a duty. Although Sodexho did not own or lease the Hospital property, Komyanek argues that, as a contractor placed in charge and control of maintaining the property, Sodexho essentially stands in the position of a landowner for purposes of premises liability. See Rider v. McCamment, 938 N.E.2d 262, 267 (Ind. Ct. App. 2010) ("A general contractor, as opposed to an independent contractor, acting on behalf of a landowner is subject to the same liability or freedom from liability as the landowner."). Sodexho counters that it did not owe Komyanek a duty with respect to the safety of the premises because one of Komyanek's own duties was to look for and report any safety issues on the premises, including slipping and tripping hazards on the floor. We question whether this was sufficient to absolve Sodexho of a duty to Komyanek, given that Sodexho and its employees clearly had an obligation of its own to maintain the safety of the premises. See Sam v. Wesley, 647 N.E.2d 382, 385-86 (Ind. Ct. App. 1995) (holding building inspector could maintain premises liability negligence suit against landowner for slip-and-fall on premises while conducting safety code inspection); but see Turner v. Nw. Gen. Hosp., 293 N.W.2d 713, 715 (Mich. Ct. App. 1980) (holding hospital owed no duty to warn security guard of risk of violence because that was the very risk guard was hired to protect against). For purposes of this opinion, we will assume that Komyanek is correct and that Sodexho owed him a duty identical to a landowner with

5

respect to invitees on the property. Even so, we believe the trial court property granted summary judgment to Sodexho.

Indiana follows Section 343 of the Restatement (Second) of Torts governing landowner liability to invitees and social guests, which states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a)     knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b)     should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c)     fails to exercise reasonable care to protect them against the danger.

Yost v. Wabash Coll., 3 N.E.3d 509, 515 (Ind. 2014). Under Indiana law, it is well-settled that, although a landowner must exercise reasonable care for the safety of invitees, the landowner is not an insurer of the invitee's safety. Schulz v. Kroger Co., 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012). In order to find a breach of duty, there must be some evidence that the landowner had either actual or constructive knowledge of a danger that led to an invitee's injury. Id. This requirement is reflected in subsection (a) of Section 343. Constructive knowledge may be established by proof that a condition existed "'for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the [landowner], his agents or employees had used ordinary care.'" Id. (quoting Wal-Mart Stores, Inc. v. Blaylock, 591 N.E.2d 624, 628 (Ind. Ct. App. 1992), trans. denied).

6

In Schulz, we held as a matter of law that a grocery store lacked constructive notice of a spill in one of its aisles where the aisle had been inspected by employees ten minutes before a customer slipped and fell, but no spill was noted at the time of inspection. Id. at 1145. We affirmed summary judgment in the store's favor and stated that to hold otherwise would improperly impose a strict liability standard on the store or require it to maintain an employee in every aisle at all times. Id. In Gasser Chair Co., Inc. v. Nordengreen, 991 N.E.2d 122 (Ind. Ct. App. 2013), a casino patron was injured when the adjustable chair she was sitting in collapsed due to a failed gas cylinder in the chair. We affirmed the granting of summary judgment to the casino in the patron's premises liability suit, holding there was no evidence as a matter of law that the casino had constructive notice that the chair might cause injury. Gasser, 991 N.E.2d at 126-27. We noted that the chairs were inspected daily and no problems had been reported with the chair the patron had used, that the chair manufacturer had not warned the casino about the danger of the gas cylinder suddenly failing, and that although there had been some previous problems with a very small percentage of chairs at the casino, none of those problems had caused injuries. Id. at 127.

Here, the undisputed designated evidence is that, despite regular walkthroughs of the Hospital premises, including the stairwell where Komyanek fell, no reports had been made to Sodexho warning of a missing rubber piece on the stairs. Komyanek himself had not previously noticed it. There also is no evidence that missing rubber pieces were a recurring problem on the Hospital's stairs, or that they had ever been a problem for that matter. Komyanek did not designate evidence suggesting that anyone had in fact previously noticed a missing rubber piece on the stairs but failed to report it. As such, there

7

is no evidence as to when the danger posed by the missing rubber piece arose. Komyanek contends, "a reasonable jury could infer that the hazard existed at least 24 hours prior to Komyanek's injury." Appellant's Br. p. 9. Such an inference, however, could only be based on mere conjecture or speculation, which is insufficient as a matter of law. Smock Materials Handling Co. v. Kerr, 719 N.E.2d 396, 401 (Ind. Ct. App. 1999). In the complete absence of evidence as to when the danger here arose, it is impossible to assess whether Sodexho could have had constructive notice of it and had sufficient time to address the problem before it injured Komyanek. To allow this lawsuit to move forward with this lack of evidence would invite the possibility of strict liability for Sodexho and to require 24/7 surveillance of every inch of the Hospital's premises by Sodexho, which would be inappropriate. See Schulz, 963 N.E.2d at 1145. Because the designated evidence negates the breach of duty element of Komyanek's cause of action, there are no genuine issues of material fact and Sodexho is entitled to judgment as a matter of law.

## Conclusion

The trial court properly granted Sodexho's motion for summary judgment. We affirm.

Affirmed.

MAY, J., and PYLE, J., concur.

8