## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 22 2016, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Natalie Shrader
Burke Costanza & Carberry LLP
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

Kevin W. Marshall
Hobart, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gasser Chair Company, Inc., *Appellant-Defendant,* <br><br> v. <br><br> Marlene J. Nordengreen, *Appellee-Plaintiff.* | December 22, 2016 <br><br> Court of Appeals Case No. 45A05-1606-CT-1226 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Bruce D. Parent, Judge <br><br> Trial Court Cause No. 45D04-1001-CT-7 |

**Robb, Judge.**

# Case Summary and Issue

[1] Gasser Chair Co. ("Gasser") appeals the trial court's denial of its motion for judgment on the evidence in Marlene Nordengreen's action against it, raising the sole issue of whether the trial court abused its discretion in denying its motion. Concluding the trial court abused its discretion in denying Gasser's motion for judgment on the evidence, we reverse and remand with instructions.

# Facts and Procedural History

[2] Gasser designs and manufactures casino chairs. In July 2008, Gasser sold and delivered approximately 3,300 chairs to the Horseshoe Casino ("Casino") in Hammond, Indiana. On September, 27, 2009, Nordengreen visited the Casino and pressed her luck at the slot machines. Nordengreen claims she suffered physical harm when she sat down in one of the chairs and the chair dropped, smashing her leg between the bottom of the chair's seat and footrest.

[3] On February 3, 2010, Nordengreen filed a premises liability action against the Casino alleging negligence. On June 23, 2010, the Casino filed a third party complaint against Gasser. On October 14, 2010, Nordengreen amended her complaint to include a products liability claim against Gasser. Appellant's Appendix at 27.

[4] On May 2, 2012, the Casino and Gasser each filed a motion for summary judgment. The trial court entered summary judgment in favor of the Casino, but denied Gasser's motion. Gasser appealed the trial court's entry of summary

judgment in favor of the Casino and a panel of this court affirmed the entry. *Gasser Chair Co., Inc. v. Nordengreen*, 991 N.E.2d 122, 124 (Ind. Ct. App. 2013).[1]

[5] In March 2016, the trial court held a final pre-trial conference with the parties, following which it entered a pretrial order. The order noted Nordengreen claimed Gasser was liable for manufacturing, selling, and delivering unreasonably dangerous chairs and failed to warn consumers about the chairs' "propensity to collapse[.]" Appellant's App. at 146. Beginning May 2, 2016, the case was tried to a jury. At the conclusion of Nordengreen's case-in-chief, Gasser moved for judgment on the evidence, arguing Nordengreen failed to present sufficient evidence to support her products liability claim. Specifically, Gasser claimed Nordengreen failed to present any evidence of a defect in the chair. In response, Nordengreen stated she "would withdraw that claim and go with negligence only." Transcript, Volume IV, at 270. The trial court allowed Nordengreen to withdraw her products liability claim, explaining to Gasser, "Well, I guess technically [Nordengreen has] withdrawn the products liability [claim] so it is no longer—you got your way but you're [sic] motion is now moot related to products liability." *Id*. Gasser then immediately moved for judgment on the evidence again, arguing the remaining "pure negligence" claim was no different than Nordengreen's product liability claim. *Id*. at 271. The trial court denied Gasser's motion.

---

[1] Thereafter, the Casino's third party complaint against Gasser continued on some claims, Nordengreen's claim against Gasser continued, and the parties prepared for trial.

[6]     Prior to submitting the case to the jury, the parties and the trial court discussed

the jury's final instructions.  Relevant here, the following colloquy occurred in

regard to Nordengreen's proposed final instructions:

> [Trial Court:]  [Gasser], do you have an objection to
> [Nordengreen's] number one?
> [Gasser:]  Well, I guess this is kind of different now because
> [Nordengreen] dropped h[er] product's [sic] liability claim.
> [Trial Court:]  Correct.
> [Gasser:]  I don't know that—I mean I think all we need are the
> pattern negligence.
> [Trial Court:]  Well, I guess you're right. . . .  I like to include
> [instructions on] issues for trial, which is kind of what
> [Nordengreen's] is, number one, but we would have to clean out
> the stuff about the product's [sic] liability and just have it be a
> negligence.
> [Nordengreen:]  Actually, my instruction one was the res ipsa.
> * * *
> [Trial Court:]  I honestly thought that that should come in. . . .  I
> think the res ipsa is appropriate under these circumstances.
> * * *
> [Gasser:]  I would object to that because res ipsa, if there is no
> other explanation and there has been another explanation given
> in this case that being the way Ms. Nordengreen had her leg
> positioned under the chair, so I think res ipsa would not be
> appropriate in this case.
> [Nordengreen:]  Judge, I believe res ipsa is appropriate based on
> the evidence that Gasser sold the chair knowing that they could
> expire after a year, that this chair failed for no apparent reason, at
> least according to Gasser.  So, chairs don't fall without
> negligence.
> [Trial Court:]  Right.  I agree.  I think that res ipsa . . . should
> come in.  Let's see.  Number two.
> [Nordengreen:]  Number two is the negligence instruction. . . .
> That covers when someone sells property to another and it deals

with that property.

\* \* \*

[Gasser:]  I guess this is just becoming confusing because [Nordengreen is] saying [she's] not claiming product's [sic] liability and this is a—

[Trial Court:]  I agree with [Gasser].  I don't think [instruction two] is appropriate for this fact pattern.

\* \* \*

[Trial Court:]  [Instruction number three] is a warranty. . . .  So, no, this is no longer appropriate . . . .  Number four.

\* \* \*

[Gasser:]  Number four is again a products.

[Trial Court:]  Product's [sic] liability.

[Nordengreen:]  Okay.  Withdraw that.

*Id*. at 348-51.[2]

[7] Shortly following this discussion, Gasser rested and again moved for judgment on the evidence, arguing Nordengreen failed to establish Gasser owed, or breached, any duty of care.  Nordengreen countered, "It's res ipsa loquitor and there's an instruction on it.  They [sic] jury can find it."  *Id*. at 358.   The trial court denied Gasser's motion.

[8] On May 4, 2016, the trial court submitted the case to the jury.  The jury found Gasser 100% at fault and awarded Nordengreen $480,000 in damages.  Following the jury's verdict, Gasser renewed its motion for judgment on the evidence, which the trial court denied.  This appeal ensued.

---

[2] The final jury instructions are not included in the record.

# Discussion and Decision

## I. Standard of Review

The purpose of a motion for judgment on the evidence is to test the sufficiency of the evidence. *Hitachi Constr. Mach. Co., Ltd. v. AMAX Coal Co.*, 737 N.E.2d 460, 462 (Ind. Ct. App. 2000), *trans. denied*. Where all or some of the issues in a case tried before a jury are not supported by sufficient evidence, the trial court shall withdraw such issues from the jury and enter judgment thereon. Ind. Trial Rule 50(A). The grant or denial of a motion for judgment on the evidence is within the trial court's broad discretion and will be reversed only for an abuse of that discretion. *Hitachi*, 737 N.E.2d at 463. In reviewing a trial court's ruling on a motion for judgment on the evidence, we are bound by the same standard as the trial court. *Kimbrough v. Anderson*, 55 N.E.3d 325, 336 (Ind. Ct. App. 2016).

> We may not substitute our judgment for that of the jury on questions of fact nor should a motion for judgment on the evidence be granted because the evidence preponderates in favor of the moving party. Rather we determine only: (a) whether there exists any reasonable evidence supporting the claim; and (b) if such evidence does exist, whether the inference supporting the claim can be drawn without undue speculation.

*Id*. (citations omitted).

# II. Indiana Products Liability Act

[10]  Gasser argues the trial court abused its discretion in denying its motion for judgment on the evidence at the close of Nordengreen's case-in-chief. Specifically, Gasser contends Nordengreen voluntarily withdrew her products liability claim and did not present sufficient evidence to show Gasser owed her a duty of care *independent* of Gasser's statutory duty under the Indiana Products Liability Act (the "Act"). We agree.

[11]  The Act governs all actions brought by a user or consumer of a product against a manufacturer or seller of the product for physical harm caused by the product, "regardless of the substantive legal theory or theories upon which the action is brought." Ind. Code § 34-20-1-1. Under the Act,

> [A] person who sells, leases, or otherwise puts into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer . . . is subject to liability for physical harm caused by that product to the user or consumer . . . if:
>
> (1) that user or consumer is in the class of persons that the seller should reasonably foresee as being subject to the harm caused by the defective condition;
>
> (2) the seller is engaged in the business of selling the product; and
>
> (3) the product is expected to and does reach the user or consumer without substantial alteration in the condition in which the product is sold by the person sought to be held liable under this article.

Ind. Code § 34-20-2-1.

[12] The parties first dispute whether Nordengreen voluntarily dismissed her products liability claim. In her amended complaint, Nordengreen's sole claim against Gasser alleged negligence under a products liability theory. At the close of Nordengreen's case-in-chief, Gasser moved for judgment on the evidence, claiming Nordengreen failed to present evidence to support her products liability claim. Nordengreen then requested to withdraw her products liability claim and proceed "with negligence only[,]" which the trial court allowed, explaining to Gasser its concern as to Nordengreen's products liability claim was now moot. Tr. at 270. In addition, any confusion regarding Nordengreen's claim for relief at the conclusion of her case-in-chief is made clear when viewed in light of the party's discussions regarding the final jury instructions where the trial court withdrew all instructions pertaining to Nordengreen's products liability claim. We conclude the record clearly demonstrates Nordengreen withdrew her products liability claim and proceeded under a separate and independent negligence claim.[3]

---

[3] Gasser dedicates much of its brief to arguing the trial court erred in allowing Nordengreen to withdraw her products liability claim and proceed only on a pure negligence claim. Specifically, Gasser cites to *Campbell v. Supervalu, Inc.*, 565 F.Supp.2d 969 (N.D. Ind. 2008), for the proposition a consumer or user of a product cannot repackage a products liability claim as an independent negligence claim. Stated differently, Gasser claims Nordengreen—as a product user seeking damages against the product's manufacturer for harm caused by the product—is not allowed as a matter of law to bring a common law negligence claim against the manufacturer seeking damages suffered as a result of an alleged defect in a product, let alone switch from a products liability claim to a pure negligence claim in the midst of trial. In *Campbell*, a five-year-old child— Michael Campbell—consumed tainted meat purchased at a local grocery store. Thirteen years later, Michael and his parents filed suit against Supervalu, Inc., alleging "simple" common law negligence. *Id*. at 974. In its motion for summary judgment, Supervalu argued the Indiana Products Liability Act subsumed the

[13] Next, the parties dispute what effect Nordengreen's withdrawal of her products liability claim had on the remainder of her case. As noted above, the Act governs all claims brought by consumers and users of a product against manufactures or sellers of the product for injuries caused by the product, "regardless of the substantive legal theory or theories upon which the action is brought." Ind. Code § 34-20-1-1. Stated differently, the Act subsumes, governs, and controls *any* claim brought by a consumer or user against a manufacturer or seller for injuries caused by the product. *See Campbell*, 565 F. Supp.2d at 976. Thus, even assuming the law allows Nordengreen to bring a negligence claim independent of her original products liability claim, *see supra* note 3, she was required to establish Gasser owed her a duty of care, Gasser breached that duty, and she suffered harm as a result of the breach, *see Cook v. Ford Motor Co.*, 913 N.E.2d 311, 319 (Ind. Ct. App. 2009), *trans. denied*, all of which must be independent of her original products liability claim.[4] On appeal,

Campbells' common law negligence claim, and as a result, the Act's ten-year statute of repose barred the Campbells from seeking relief. The district court agreed the Campbells could not avoid the Act by merely labeling the claim as one of "simple negligence," reasoning the Act governs all actions alleging a product caused physical harm regardless of the substantive legal theory or theories upon the action is brought. *Id*. at 976; *see also* Ind. Code § 34-20-1-1. Thus, the district court concluded the Campbells' claim was time-barred under the Act despite the Campbells' attempts to avoid bringing a claim under the Act. *Id*.

We agree *Campbell* is instructive to an extent and we further agree Gasser's argument holds some merit. However, we note Gasser's argument in this regard is similar to its argument Nordengreen did not present evidence to support an independent claim of negligence and given our ultimate agreement with this argument, coupled with the fact Gasser moved for judgment on the evidence for a second time immediately after Nordengreen expressed her intent to proceed under an independent negligence theory, we need not address whether the trial court erred in this regard.

[4] At trial, Nordengeen withdrew her products liability claim and argued *res ipsa loquitur* provided her basis for relief. "*Res ipsa loquitur* is a *rule of evidence* which permits an inference of negligence to be based upon the surrounding facts and circumstances of the injury." *Rector v. Oliver*, 809 N.E.2d 887, 889 (Ind. Ct. App. 2004) (emphasis added), *trans. denied*. "The doctrine operates on the premise that negligence, like any other fact or

Nordengreen does not set forth any independent duty owed by Gasser, and given our review of the record, namely the evidence presented by Nordengreen during her case-in-chief, we conclude Nordengreen did not present sufficient evidence to show Gasser owed her any duty of care independent of Gasser's duty under the Act. [5]

[14] In sum, Nordengreen voluntarily withdrew her products liability claim and noted her intent to proceed under a theory of negligence independent of a theory of negligence under the Act at the close of her case-in-chief. Gasser then moved for judgment on the evidence, claiming Nordengreen failed to show any other duty of care owed by Gasser independent of its duty under the Act. We agree Nordengreen failed to show any duty of care owed by Gasser, and as a result, Nordengreen did not present evidence to support a viable claim for relief. We therefore conclude the trial court abused its discretion in denying Gasser

---

condition, may be proved by circumstantial evidence." *K-Mart Corp. v. Gipson*, 563 N.E.2d 667, 669 (Ind. Ct. App. 1990), *trans. denied*. Thus, the doctrine of *res ipsa loquitur* in products liability cases allows an injured consumer or user to rely on circumstantial evidence to prove a defect in a product. *See Ford Motor Co. v. Reed*, 689 N.E.2d 751, 753-56 (Ind. Ct. App. 1997) (discussing the applicability of *res ipsa loquitor* in products liability cases). Here, Nordengreen's contention at trial that *res ipsa loquitur* supported her claim for relief holds no merit given the fact she had already withdrawn her products liability claim and *res ipsa loquitur* is not in itself an independent cause of action.

[5] Nordengreen argues Gasser has waived this claim on appeal because it did not object to jury instructions regarding negligence. Although Nordengreen's arguments are difficult to follow, we note Gasser immediately moved for judgment on the evidence after Nordengreen voluntarily dismissed her products liability claim and noted her intention to proceed on a theory of negligence independent of her products liability claim. To the extent Nordengreen argues Gasser waived any claim regarding a negligence cause of action for failure to object to the final jury instructions, we disagree. *See TRW Vehicle Safety Systems, Inc. v. Moore*, 936 N.E.2d 201, 224 (Ind. 2010) (noting a claim on appeal challenging the sufficiency of the evidence is not waived "when a party fails to object to jury instructions informing the jury about the elements of an issue and explaining how to proceed upon its findings").

judgment on the evidence and we reverse and remand to the trial court with instructions to enter judgment in favor of Gasser.

# Conclusion

The trial court abused its discretion in denying Gasser's motion for judgment on the evidence. Accordingly, we reverse and remand with instructions for the trial court to enter judgment in favor of Gasser.

Reversed and remanded.

Mathias, J., and Brown, J., concur.