F. W. WOOLWORTH Co. *v.* JONES

[No. 18,674.   Filed December 19, 1955.]

---

*Lorch, McLinn & Lorch,* of New Albany, for appellant.

*Herbert F. Naville, Naville & Stein,* and *William B. Janes,* all of New Albany, for appellee.

CRUMPACKER, J.—This action was brought by the appellee Violet Jones against the appellant F. W. Woolworth Company for damages resulting from personal injuries she suffered when a splinter was forced into her right hip as she brushed against a counter in the appellant's store in New Albany, Indiana, on the 14th day of February, 1952. Trial was to a jury which returned a verdict for the appellee in the sum of $1,000 upon which an appropriate judgment was duly entered. Said judgment is challenged as erroneous for the reason, *inter alia,* that the verdict of the jury, upon which it rests, is not sustained by sufficient evidence.

As determinative of this question we believe the following is an accurate statement of the evidence most favorable to the verdict: On February 14, 1952, the appellee entered a retail store in New Albany, Indiana, owned and operated by the appellant, for the purpose of purchasing a greeting card. She went to the counter where the appellant displayed and sold greeting cards and stood with her back to said counter while the clerk in charge thereof was occupied in waiting upon another customer. When the clerk had finished with such customer she said to the appellee, "May I wait upon you now," or words to that effect, and thereupon the appellee turned to face the clerk and in doing so rubbed or brushed her right hip against the counter thereby snag-

ging her dress and detaching a wooden splinter from said counter about four inches in length which pierced and imbedded itself in the flesh of her said hip. She testified that she could have seen the splinter had she been looking for it. This constitutes the appellee's entire case bearing on the question of negligence.

The nature and extent of a storekeeper's duty to his customer has long since been definitely settled by our courts. While he is not an insurer of their safety he is, nevertheless, required to exercise reasonable care to keep his store in a safe condition for the use he impliedly invites customers to make of it. *J. C. Penney, Inc.* v. *Kellermeyer* (1939), 107 Ind. App. 253, 19 N. E. 2d 882, 22 N. E. 2d 899. This duty is an active and continuous one and carries with it the necessity of making such inspection of his premises from time to time as an ordinarily prudent man would make in a reasonable effort to discover and remedy defects that make said premises unsafe for his customers' use. *Robertson Bros. Dept. Store* v. *Stanley* (1950), 228 Ind. 372, 90 N. E. 2d 809. A storekeeper is charged with actual knowledge of a dangerous condition created by his own act or acts of his employees within the scope of their employment, *Montgomery-Ward & Co.* v. *Wooley* (1951), 121 Ind. App. 60, 94 N. E. 2d 677, and with constructive knowledge thereof if such condition has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care. *J. C. Penney, Inc.* v. *Kellermeyer, supra.*

It is upon the theory of constructive notice that the appellee relies to sustain her judgment. Her position is summed up in the following excerpt from her brief:

"In the case at bar, we have a dangerous condition arising not from some foreign object placed upon the counter at which Appellee was injured, but from the counter itself being either improperly constructed or not properly maintained, a condition which a casual inspection would have revealed. The Appellee testified that the splinter which injured her was of such size that she could have seen it had she been looking for it.

"Therefore, it is conclusive that the Appellant could have known of the existence of the splinter which injured Appellee by merely making a casual inspection of the counter in question. The appellee respectfully submits that when the testimony of Appellee is considered in the light of the case law above set out, the Appellant stands squarely charged with constructive notice of the defect in the counter in question."

We are readily agreed that if the evidence, as heretofore set out, warrants an inference that a reasonable inspection of the counter in question would have disclosed its splintered condition in time to have enabled the appellant to have repaired it before the appellee was injured, the evidence sustains the verdict. There is no evidence, however, bearing on this question except the appellee's statement that she could have seen said splinter had she been looking for it. Palpably that statement is a mere conclusion as there is no evidence that the splinter protruded from the counter's edge or lay closely to the surface of the wood and was scarcely visible to the eye. Thus the jury had no basis for an inference that a reasonable inspection would have disclosed it. But granting that the appellee could have seen it had she looked there is not one iota of evidence from which the jury could have inferred as to how long it had been there as a basis for charging the appellant with constructive knowledge of its existence.

It is fundamental that the burden of proving the appellant's negligence as charged in the complaint rested upon the appellee. Unless the *res ipsa loquitur* doctrine is applicable to the present facts, the mere happening of the accident and the 'presence of the splinter in the appellant's counter, which is all we have here, does not make a *prima facie* case for the appellee and thereby charge the appellant with the duty of going forward with the evidence in an endeavor to prove that the splintered condition of its counter was not due to its negligence. There is no case in Indiana in which *res ipsa loquitur* has specifically been held to make a *prima facie* case for a customer injured because of the unsafe condition of the store premises into which he is impliedly invited for trade. In other jurisdictions it has been held that the doctrine has no application to storekeepers. *Hays* v. *Maison Blanche Co.* (1947), — La. App. —, 30 S. 2d 225; *Powell* v. *L. Feibleman & Co.* (1939), — La. App. —, 187 S. 130; *Jenson* v. *S. H. Kress & Co.* (1935), 87 Utah 434, 49 P. 2d 958; *Spickernagle* v. *C. S. Woolworth & Co.* (1912), 236 Pa. 496, 84 A. 909; *Norten* v. *Hudner* (1913), 213 Mass. 257, 100 N. E. 546. See also 38 Am. Jur., Negligence, §307, p. 1004. We do not wish to be understood as holding *res ipsa loquitur* does not apply to storekeepers under any circumstances but we see no reason to apply the doctrine presently. The accident in controversy, according to common experience, was not so unlikely of occurrence, if due care had been exercised by the appellant, as to carry inherent probability of negligence on its part.

Without *res ipsa loquitur* we have no proof of negligence on the part of the appellant. The evidence dis-

closes nothing more than the presence of a splinter in the wooden framework of the appellant's greeting card counter and the happening of the accident. That, in our opinion, is not enough. Before the appellant can be charged with a failure to perform its duty to the appellee there must be evidence in the record tending to prove, with its inferences, that the appellant had actual knowledge of the splintered condition of its counter a sufficient length of time to have repaired it before the accident, or to have warned the appellee of its condition, or that its condition, at the time of the accident, had existed for sufficient length of time that the appellant, in the exercise of reasonable care, should have discovered and repaired it before the accident. *Kauffman Dept. Stores, Inc.* v. *Cranston* (1919), Circuit Court of Appeals, 258 Fed. 917. Although the record is devoid of any such proof the appellee insists that that is not fatal to her case and in support of her position refers us to *F. W. Woolworth Company* v. *Moore* (1943), 221 Ind. 490, 48 N. E. 2d 644 and *Hellyer* v. *Sears, Roebuck & Co.* (1933), 67 Fed. 2d 584. Although each of these cases contains language comforting to the appellee, upon analysis it appears that in each of them there was evidence from which notice to the storekeeper of the defect involved could reasonably be inferred.

Judgment reversed and cause remanded with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 130 N. E. 2d 672.