# FOR PUBLICATION



**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

DAVID M. HENN
JAMES T. FLANIGAN
McClure McClure Davis & Henn
Greenwood, Indiana

ATTORNEYS FOR APPELLEES:

JEFFREY S. ZIPES
BLAKE N. SHELBY
Coots Henke & Wheeler, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DIXIE DIANA SCHULZ and JOSEPH SCHULZ, )
)
    Appellants-Plaintiffs, )
)
        vs. )    No. 32A05-1107-CT-368
)
THE KROGER COMPANY, KROGER LIMITED )
PARTNERSHIP I, SEVEN-UP AMERICAN )
BOTTLING CO., THE AMERICAN BOTTLING )
COMPANY, DR. PEPPER/SEVEN-UP INC., )
SEVEN-UP DISTRIBUTORS OF SOUTHEAST )
INDIANA, INC., and SEVEN-UP/RC BOTTLING )
COMPANY, INC. )
)
    Appellees-Defendants. )

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Karen M. Love, Judge
Cause No. 32D03-0706-CT-017

**February 21, 2012**

**OPINION – FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellants-Plaintiffs, Dixie Diana Schultz (Dixie) and Joseph Schultz (Joseph) (collectively, the Schultzes), appeal the trial court's summary judgment in favor of Appellees-Defendants, the Kroger Company, Kroger Limited Partnership I, (Kroger) Seven-Up American Bottling Co., the American Bottling Company, Dr. Pepper/Seven-Up, Inc., Seven-Up Distributors of Southeast Indiana Inc., Seven-Up/RC Bottling Company, Inc., with respect to Kroger's knowledge about the existence of a hazardous condition in its store.

We affirm.

## ISSUE

The Schultzes present one issue on appeal, which we restate as: Whether the trial court erred in finding that there was no genuine issue of material fact that Kroger lacked actual and constructive knowledge of the hazardous condition in its store.

## FACTS AND PROCEDURAL HISTORY

On June 23, 2005, Dixie and Joseph went to the Kroger store located in Brownsburg, Indiana. After being in the store for approximately fifteen minutes, Dixie walked over to a Seven-Up display in the back of the store to purchase a bottle of Seven-Up. As she approached the display, she slipped over a clear liquid and fell, hitting her head and back on the floor. When she stood up, her shirt and pants were wet. Kroger employee, Jessica McCombs (McCombs), learned of Dixie's fall almost immediately after it occurred and arrived at the scene a couple of minutes later.

2

On June 20, 2007, the Schultzes filed their Amended Complaint against Kroger and various other defendants. Subsequently, on November 24, 2009, all defendants, except Kroger, were voluntarily dismissed from the action. On February 24, 2011, Kroger filed its motion for summary judgment and designation of evidence. On May 25, 2011, the trial court conducted a hearing on Kroger's motion. On June 28, 2011, the trial summarily issued its judgment in favor of Kroger.

The Schultzes now appeal. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Standard of Review*

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id*. at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id*. at 608. The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id*. When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the

3

plaintiffs' claim. *Id.* Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id.*

We observe that in the present case, the trial court did not enter findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *Id.* However, such findings offer this court valuable insight into the trial court's rationale for its review and facilitate appellate review. *Id.*

## II. *Analysis*

The Schultzes now argue that the trial court erred when it concluded that there was no genuine issue of material fact that Kroger had no actual or constructive notice of the dangerous condition which caused Dixie to slip and fall.

As "a person who is invited to enter or remain on the land for a purpose directly or indirectly connected with business dealings with the possessor of the land," the Schultzes became business invitees when they entered Kroger. *Burrell v. Meads*, 569 N.E.2d 637, 642 (Ind. 1991). Therefore, Kroger owed the Schultzes a duty to exercise reasonable care for their protection while they remained on the premises. *Id.* This duty is further delineated by the Restatement (Second) of Torts § 343 (1965), which provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

4

(c) fails to exercise reasonable care to protect them against the danger.

*See also Golba v. Kohl's Dept. Store, Inc*., 585 N.E.2d 14, 15 (Ind. Ct. App. 1992), *reh'g denied, trans. denied*. Thus, while a landowner's duty to a business invitee includes a duty to exercise reasonable care to protect the invitee from foreseeable dangers on the premises, there is no duty to insure a business invitee's safety while on the premises. *Booher v. Sheeram, LLC*, 937 N.E.2d 392, 395 (Ind. Ct. App. 2010), *reh'g denied, trans. denied*. As an invitor is not the insurer of the invitee's safety, and before liability may be imposed on the invitor, it must have actual or constructive knowledge of the danger. *Carmichael v. Kroger Co*. 654 N.E.2d 1188, 1191 (Ind. Ct. App. 1995), *trans. denied*.

## A. *Actual Knowledge*

The designated affidavit of McCombs, Kroger's employee, establishes that Kroger did not have actual knowledge of the hazardous condition. Specifically, McCombs stated that "I was not nor, to the best of my knowledge, was any Kroger employee notified of the existence of any foreign substance(s) or potential hazard(s) on the floor at any time prior to the alleged fall." (Appellants' App. p. 47).

## B. *Constructive Knowledge*

Turning to constructive knowledge, we note that we have defined constructive knowledge as a "condition [which] has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." *Wal-Mart Stores, Inc. v.*

*Blaylock*, 591 N.E.2d 624, 628 (Ind. Ct. App. 1992), *trans. denied* (citing *F.W. Woolworth Co. v. Jones*, 130 N.E.2d 672, 673 (Ind. Ct. App. 1955)).

The designated evidence reflects that Dixie slipped on a clear liquid, resembling water, near the Seven-Up display at the back of the store. McCombs stated in her affidavit that

> 3. To the best of my knowledge, the alleged fall occurred at about 4:10 p.m. and happened near the [Seven-Up] display in the back portion of the store (in front of the back room swinging doors.) I learned of the alleged fall almost immediately after it occurred. I arrived at the accident scene only a couple of minutes after the fall occurred.
>
> 4. I, and fellow Kroger employees, Julie Bryant and Lucian Adamson, had been in the area where [Dixie] had fallen approximately 5-10 minutes before [Dixie's] fall occurred. In the 5-10 minute period of time before the alleged fall, I did not, nor to the best of my knowledge did any other Kroger employee, observe any foreign substance(s) or potential hazard(s) on the floor. The floor was clean and dry.
>
> * * *
>
> 6. Pursuant to Kroger's store policies, its management team continually monitors and inspects store floor surfaces in order to keep them safe and free of any hazardous conditions. Additionally, all Kroger employees are charged with the duty to inspect, maintain, and monitor store floors for the presence of any potentially hazardous condition. In the event a Kroger employee observes or is notified of the presence of any foreign substance(s) or hazard(s) on the floor, such employees are trained and instructed to (a) immediately pick up/clean up the foreign substance(s); (b) immediately place signs/cones to alert customers of the foreign substance(s) and of the potential danger created by the foreign substance(s); or (c) immediately notify management of the potentially dangerous situation. These steps were not taken by any Kroger employee because Kroger employees were neither notified nor aware of the presence of any hazardous condition with respect to the floor at any time prior to [Dixie's] fall.

(Appellants' App. pp. 46-47). There is no designated evidence contradicting or disputing McCombs' statements recorded in her affidavit.

6

It is evident from the designated evidence before us that the window of time between a Kroger employee being present in the area where Dixie fell and Dixie's fall was ten minutes at most. Ten minutes prior to her fall, the floor was clean and dry. Short of imposing a strict liability standard or mandating an employee's presence in every aisle at all times, we conclude that there is no genuine issue of fact in the case before us that Kroger did not have constructive knowledge of the hazardous condition. Therefore, we affirm the trial court's grant of summary judgment in favor of Kroger.[1]

## CONCLUSION

Based on the foregoing, we find that Kroger was entitled to summary judgment as there was no genuine issue of material fact that Kroger lacked actual or constructive knowledge of the hazardous condition in its store.

Affirmed.

FRIEDLANDER, J. and MATHIAS, J. concur

---

[1] Additionally, the Schultzes claim that Kroger's reliance on its Requests of Admissions in support of its motion for summary judgment was erroneous because "[t]he entitlement to summary judgment must be established by affirmative evidence, not by the absence of evidence." (Appellants' Br. p. 13). The Schultzes argue that "[t]o the extent that the trial court relied on the Requests for Admission in granting summary judgment in favor of Kroger, such reliance was erroneous." (Appellants' Br. p. 13). First, because the trial court summarily granted judgment in favor of Kroger, we cannot discern the trial court's rationale for its decision. Second, Kroger also designated parts of Dixie's deposition and McCombs' affidavit in support of its motion. Upon review of those documents, we reach the conclusion that affirmative evidence establishes the absence of a material issue of fact.