**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 02 2014, 8:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**REGINALD B. BISHOP**
Roberts & Bishop
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JEFFREY S. ZIPES**
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LORE FUTRELL, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1308-CT-702 |
| | ) | |
| KGRP, INC. d/b/a THE KROGER CO., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-1202-CT-6473

April 2, 2014

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Lore Futrell appeals the trial court's entry of summary judgment in favor of KGRP, Inc. d/b/a The Kroger Company ("Kroger"), on Futrell's complaint alleging Kroger's negligence. Futrell presents two issues for our review:

1. Whether the trial court abused its discretion when it denied Futrell's motion to strike an affidavit submitted by Kroger in support of summary judgment.

2. Whether the trial court erred when it concluded that Kroger was entitled to summary judgment as a matter of law.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 19, 2011, at approximately 7:00 p.m., Futrell was shopping at a Kroger grocery store located on the north side of Indianapolis. Futrell was walking through the store near the produce department when she slipped on an "oily substance" and fell. Appellant's App. at 189.[1] As a result of the fall, Futrell sustained a broken ankle.

On February 17, 2012, Futrell filed a complaint against Kroger alleging that Kroger's negligence caused her injuries. Kroger moved for summary judgment. Following a hearing on that motion, the trial court entered summary judgment in favor of Kroger. This appeal ensued.

---

[1] We remind Futrell's appellate counsel that, under Indiana Appellate Rule 51(D), each volume of the appendix may contain up to 250 pages. There is no need, as counsel has done here, to file several small appendices.

## DISCUSSION AND DECISION

## Issue One:  Motion to Strike Affidavit

Futrell first contends that the trial court abused its discretion when it denied her motion to strike the affidavit of Matthew Yeary.  A trial court has broad discretion in refusing to grant a motion to strike.  In re Estate of Meyer, 747 N.E.2d 1159, 1164 (Ind. Ct. App. 2001), trans. denied.  The trial court's decision will not be reversed unless prejudicial error is clearly shown.  Id.

Yeary, a Kroger employee, had walked through the area where the fall occurred nine minutes before Futrell slipped and fell.  While Yeary had no knowledge of the incident or independent memory of his actions prior to the fall, Yeary could be seen in a surveillance video walking in the relevant area of the store nine minutes before the slip and fall.  When Kroger's attorney contacted Yeary over a year after the fall, Yeary watched the video and confirmed that he was the man seen in the video.  Yeary then signed an affidavit, prepared by Kroger's attorney, which provides in relevant part as follows:

> 2.      On May 19, 2011, the day Plaintiff allegedly fell, I was working at the Kroger store located at 1365 East 86th Street, Indianapolis, Indiana.
>
> 3.      To the best of my knowledge, the alleged fall occurred at about 7:10 p.m. and happened near the produce area within the Kroger store.
>
> 4.      I had been in the area where Plaintiff fell approximately nine (9) minutes before Plaintiff's fall occurred.  In the nine (9) minute period of time before the alleged fall, I did not observe any foreign substance(s) or potential hazard(s) on the floor.  The floor was clean and dry.
>
> 5.      To the best of my knowledge, no other Kroger employee observed any foreign substance(s) or potential hazard(s) on the floor in the area where Plaintiff fell.

6.     I was not nor, to the best of my knowledge, was any Kroger employee notified of the existence of any foreign substance(s) or potential hazard(s) on the floor at any time prior to the alleged fall.

7.     Pursuant to Kroger's store policies, all Kroger employees are charged with the duty to inspect, maintain, and monitor store floors for the presence of any potentially hazardous condition.  In the event a Kroger employee observes or is notified of the presence of any foreign substance(s) or hazard(s) on the floor, such employees are trained and instructed to (a) immediately pick up/clean up the foreign substance(s); (b) immediately places signs/cones to alert customers of the foreign substance(s) and of the potential danger created by the foreign substance(s); or (c) immediately notify management of the potentially dangerous situation.

8.     These steps were not taken by any Kroger employee because Kroger employees were neither notified nor aware of the presence of any hazardous condition with respect to the floor at any time prior to Plaintiff's fall.

I AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE ABOVE STATEMENTS ARE TRUE AND ACCURATE.

Appellant's App. at 40.

Indiana Trial Rule 56(E) provides in relevant part that affidavits submitted in support of or in opposition to a summary judgment motion "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  "The requirements of T.R. 56(E) are mandatory—therefore, a court considering a motion for summary judgment should disregard inadmissible information contained in supporting or opposing affidavits."  Price v. Freeland, 832 N.E.2d 1036, 1039 (Ind. Ct. App. 2005) (citing Interstate Auction, Inc. v. Cent. Nat'l Ins. Group, Inc., 448 N.E.2d 1094, 1101 (Ind. Ct. App. 1983)).  Hearsay is not admissible except as provided by law or by other court rules.  Ind. Evidence Rule 802.  "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth

4

of the matter asserted." Evid. R. 801(c). Evidence Rule 602 further provides that a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

Here, Futrell moved to strike Yeary's affidavit on the basis that it did not comply with Trial Rule 56(E). In particular, Futrell argued that

> Yeary lacked the required personal information to testify based on his own observation and perception concerning Kroger's premises at the time of Plaintiff's fall. Yeary's statements were dictated to him by Kroger's counsel which cannot rely upon them to opine to the safety of the produce area where the Plaintiff fell or to the absence of any hazardous material. Accordingly, Yeary's Affidavit relied upon by Kroger to establish there are no disputed issues of material fact as to the presence, absence or knowledge of a hazardous material at Kroger's store or that Kroger has maintained its premises in a safe manner must be struck as self-serving and lacking the necessary foundation for its consideration in summary judgment practice.

Id. at 171. In sum, Futrell maintains that Yeary's affidavit is not based on personal knowledge given that he did not write the affidavit and had no independent memory of any fact stated in the affidavit.

First, we agree with Futrell that two facts included in Yeary's affidavit are based on hearsay and should have been stricken. Yeary had no personal knowledge that Futrell had slipped and fallen, so his statements regarding the time and location of her fall are inadmissible. But the time and location of Futrell's fall are not disputed, so Futrell cannot show that she was prejudiced by those portions of Yeary's affidavit.

Yeary's deposition testimony, given after the affidavit was executed, shows that the remainder of his affidavit was based on personal knowledge gleaned from his review of the surveillance video. In particular, Yeary testified that: before he signed the affidavit, he "read over it and ma[d]e sure everything was correct" id. at 409; he had

5

watched the surveillance video, observed that he was the man shown walking in the video, and saw the date and time stamp on the video; and he "always check[ed] the area [where he was working], especially being in produce" and that "you always look at the floor to make sure there's nothing like a big puddle of water or spilled berries or anything like that." Id. at 414. Further, Yeary testified that his job required him to "look for hazards, potential problems, substances on the floor" and that had he ever observed anything potentially hazardous on the floor, he would have cleaned it up. Id. at 415. Finally, the fact that Yeary can be seen in the surveillance video walking in the same area where Futrell fell nine minutes before the fall is undisputed.

We hold that Yeary's deposition testimony confirms that his affidavit, other than the portions related to the time and location of Futrell's fall, was based on his personal knowledge of facts relevant to Futrell's slip and fall. It is of no moment that Yeary did not prepare the affidavit, as he read it and confirmed that it was "correct" before he signed it. Id. at 409. Moreover, Yeary's deposition testimony is consistent with his affidavit. Because Futrell cannot show any prejudice by the hearsay statements contained in the affidavit, the trial court did not abuse its discretion when it denied Futrell's motion to strike the affidavit.

**Issue Two: Summary Judgment**

Our standard of review for summary judgment appeals is well established:

When reviewing a grant [or denial] of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." In answering these questions, the reviewing court construes all factual inferences in the non-

6

> moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009) (citations omitted). The party appealing a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. Knoebel v. Clark County Superior Court No. 1, 901 N.E.2d 529, 531-32 (Ind. Ct. App. 2009). Where the facts are undisputed and the issue presented is a pure question of law, we review the matter de novo. Crum v. City of Terre Haute ex rel. Dep't of Redev., 812 N.E.2d 164, 166 (Ind. Ct. App. 2004).

In order to prevail on a claim of negligence, a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach. Brown v. Buchmeier, 994 N.E.2d 291, 294 (Ind. Ct. App. 2013). In Burrell v. Meads, 569 N.E.2d 637, 642-43 (Ind. 1991), our supreme court explained that a business visitor is an invitee and is entitled to a duty of reasonable care from landowners as that duty is defined in the Restatement (Second) of Torts § 343, which provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

7

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

In short, while a landowner's duty to a business invitee includes a duty to exercise reasonable care to protect the invitee from foreseeable dangers on the premises, there is no duty to insure a business invitee's safety while on the premises. Schulz v. Kroger Co., 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012). As an invitor is not the insurer of the invitee's safety, and before liability may be imposed on the invitor, it must have actual or constructive knowledge of the danger. Id.

Here, it is undisputed that Futrell was a business invitee at the time of her fall on Kroger's premises. Thus, Kroger owed Futrell the duty of care set out in Burrell. Futrell maintains that Kroger is not entitled to summary judgment because a question of fact exists as to whether Kroger breached its duty and whether that breach proximately caused her injuries. Kroger contends that the designated evidence shows that it did not breach its duty to Futrell as a matter of law. We agree with Kroger.

Futrell concedes that there is no evidence that Kroger had actual knowledge of the substance on the floor that caused her to slip and fall. But Futrell maintains that Kroger had constructive knowledge of the danger. In particular, Futrell contends that Kroger was required to conduct routine inspections of the floors and failed to do so.[2] But this court has held that a storekeeper is charged "'with constructive knowledge [of a dangerous condition] if such condition has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if

_____

[2] To the extent Futrell contends that Kroger assumed a duty of care beyond that set out in Burrell, she raises that issue for the first time on appeal. Accordingly, that issue is waived.

the storekeeper, his agents or employees had used ordinary care.'" Wal-Mart Stores, Inc. v. Blaylock, 591 N.E.2d 624, 628 (Ind. Ct. App. 1992) (quoting F.W. Woolworth Co. v. Jones, 126 Ind. App. 118, 130 N.E.2d 672, 673 (1955)), trans. denied.

The undisputed designated evidence shows that nine minutes before Futrell fell, Yeary walked through that same area in the store and did not observe "any foreign substance(s) or potential hazard(s) on the floor." Appellant's App. at 39. In his affidavit, Yeary stated that the floor was "clean and dry" at that time. Id. And, again, Yeary testified that his job required him to "look for hazards, potential problems, substances on the floor" and that had he ever observed anything potentially hazardous on the floor, he would have cleaned it up. Id. at 415.

In Schulz, we held that Kroger was entitled to summary judgment on the issue of constructive knowledge where the undisputed designated evidence showed that a Kroger employee was "present in the area where [the plaintiff] fell" approximately ten minutes prior to the fall and observed that the floor was "clean and dry." 963 N.E.2d at 1145. In particular, we stated that "[s]hort of imposing a strict liability standard or mandating an employee's presence in every aisle at all times, we conclude that there is no genuine issue of fact in the case before us that Kroger did not have constructive knowledge of the hazardous condition." Id. Likewise, here, we hold that, as a matter of law, Kroger did not have constructive knowledge of a hazardous condition at the time of Futrell's fall. We affirm the trial court's grant of summary judgment in favor of Kroger.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.

9