FILED

Aug 29 2018, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Candace C. Williams
Tolbert & Tolbert, LLC
Gary, Indiana

ATTORNEYS FOR APPELLEE

Charles C. Hoppe, Jr.
Roland Clark
Knight Hoppe Kurnik &
   Knight, Ltd.
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Maurice Johnson,

*Appellant-Plaintiff,*

v.

Blue Chip Casino, LLC, d/b/a
Blue Chip Casino Hotel Spa,

*Appellee-Defendant*

August 29, 2018

Court of Appeals Case No.
18A-SC-788

Appeal from the LaPorte Superior
Court

The Honorable Jeffrey L. Thorne,
Judge

Trial Court Cause No.
46D03-1710-SC-2122

**Vaidik, Chief Judge.**

# Case Summary

[1]  While Maurice Johnson was a guest at Blue Chip Casino Hotel Spa in
Michigan City, he woke up to discover bed-bug bites on his right arm. Johnson
brought a small-claims action against Blue Chip Casino, LLC, and the court

entered judgment in favor of Blue Chip. Johnson now appeals, arguing that the doctrine of res ipsa loquitur applies to this case. Because Johnson has failed to prove that the presence of bed bugs in his hotel room more probably resulted from Blue Chip's negligence as opposed to another cause, we affirm the small-claims court's judgment in favor of Blue Chip.

## Facts and Procedural History

[2] Johnson and his wife checked into Room 1253 at Blue Chip on January 1, 2017. Because the room had two full beds (instead of a king bed as they had requested), Johnson and his wife slept in separate beds. When Johnson and his wife pulled down the sheets as they were going to bed, they did not see any bed bugs in their respective beds. But when Johnson woke up the next morning, he noticed bites on his arm and then saw one live bed bug on his pillow. He pulled down the sheets and saw two shell casings from dead bed bugs. Johnson's wife took photos. Ex. 1. Johnson called guest services, and a supervisor came to their room, put the live bed bug in a jar, and had Johnson's and his wife's belongings "hot boxed" to kill any other bed bugs. Tr. p. 19. After checking out of the hotel, Johnson went to the emergency room, where he was treated for bed-bug bites and given an anti-itch prescription.

[3] In October 2017, Johnson filed a notice of claim in small-claims court in LaPorte County alleging that "[a]s a result of his stay, [he] received bed bug bites" and "incurred medical expenses and suffered emotional distress due to [Blue Chip's] negligence and breach of their duty of care." Appellant's App.

Vol. II p. 9. At trial, Blue Chip's Safety Loss Prevention Manager, Rosella Luna, testified that because bed bugs are found in "hotels" and "a lot of other places," Blue Chip has policies and procedures for inspecting and treating hotel rooms for them. Tr. p. 44. Luna explained that new hires undergo training on how to look for bed bugs and that all housekeepers and supervisors undergo annual training as well. Luna said that Blue Chip's hotel rooms are cleaned and inspected daily (assuming they are rented out) and that the inspections include looking for evidence of bed bugs. Specifically, when housekeepers strip the beds, they look at the mattresses "to see if there is any evidence" of bed bugs. *Id.* at 42. Housekeepers also look for evidence of bed bugs in "the nooks and crannies" of the rooms, including furniture and bedding. *Id.* If a bed bug is found during a room inspection, that room as well as the surrounding rooms are taken out of service. A professional pest-control company then inspects the rooms and, if necessary, treats them. The treated rooms are held out of service until the pest-control company certifies that they're clean and safe to rent.

[4] Luna also testified that about two months before Johnson's January 2017 stay, on November 4, 2016, Blue Chip received a complaint about bed bugs in the same room, Room 1253. At that time, Terminix "inspected and treated the room and held [it] out of service until . . . November 11, 201[6]." *Id.* at 35. Luna testified that she did not know if that guest brought the bed bugs into the hotel room, because "I can't tell you if people bring them in or not." *Id.* at 43. From November 11, 2016, until January 2, 2017, Blue Chip did not receive any

other complaints about bed bugs in Room 1253 even though the room was rented during that time. *Id.* at 35.

[5] Following trial, the small-claims court entered findings and judgment in favor of Blue Chip. The court acknowledged that Johnson seemed to argue that "the existence of a bed bug is Res Ipsa Loquitur on the part of an inn keeper"; however, it found no merit to this argument. Appellant's App. Vol. II p. 8.

[6] Johnson now appeals.

# Discussion and Decision

[7] The small-claims court determined that Johnson failed to meet his burden of proof regarding his claim against Blue Chip. Because the small-claims court's decision was not in Johnson's favor, he is appealing from a negative judgment. On appeal, we will not reverse a negative judgment unless it is contrary to law. *LTL Truck Serv., LLC v. Safeguard, Inc.,* 817 N.E.2d 664, 667 (Ind. Ct. App. 2004). To determine whether a judgment is contrary to law, we consider the evidence in the light most favorable to the appellee, together with all the reasonable inferences to be drawn therefrom. *Id.* A judgment will be reversed only if the evidence leads to but one conclusion and the trial court reached the opposite conclusion. *Id.*

[8] Johnson argues that the doctrine of res ipsa loquitur applies to this case. Res ipsa loquitur is translated from Latin as "the thing speaks for itself." *Gary Cmty. Sch. Corp. v. Lardydell*, 8 N.E.3d 241, 247 (Ind. Ct. App. 2014), *trans.*

*denied*. It is a rule of evidence that permits an inference of negligence to be drawn based upon the surrounding facts and circumstances of the injury. *Rector v. Oliver*, 809 N.E.2d 887, 889 (Ind. Ct. App. 2004), *trans. denied*; *see also Cergnul v. Heritage Inn of Ind.*, *Inc.*, 785 N.E.2d 328, 331 (Ind. Ct. App. 2003) ("[R]es ipsa loquitur permits an assumption that in some situations an occurrence is **so unusual** that, absent a reasonable justification or explanation, those persons in control of the situation should be held responsible." (emphasis added)), *reh'g denied*, *trans. denied*. To create an inference of negligence, a plaintiff must establish that (1) the circumstances under which the injury occurred were under the management or exclusive control of the defendant **and** (2) the occurrence is of the type that does not ordinarily happen if those who have the management and control exercise proper care. *Rector*, 809 N.E.2d at 890. In determining whether the doctrine applies, the question is whether the incident more probably resulted from the defendant's negligence as opposed to another cause. *Id.* A plaintiff may rely upon common sense and experience or expert testimony to prove that the incident more probably resulted from negligence. *Cleary v. Manning*, 884 N.E.2d 335, 338 (Ind. Ct. App. 2008).

[9] Even assuming that Blue Chip maintained exclusive control over Room 1253 once Johnson and his wife checked in, Johnson has failed to prove that the presence of bed bugs in his hotel room on January 1 or 2, 2017, more probably resulted from Blue Chip's negligence as opposed to another cause. Bed bugs are small bugs that "hide during the day in places such as seams of mattresses, box springs, bed frames, headboards, dresser tables, inside cracks and crevices,

behind wallpaper, or any other clutter or objects around a bed." Centers for Disease Control & Prevention, *Bed Bugs FAQs*, https://www.cdc.gov/parasites/bedbugs/faqs.html. Because bed bugs are a problem for hotels, Blue Chip developed policies and procedures for inspecting and treating hotel rooms for them. Luna testified that housekeepers are trained on bed bugs and look for evidence of bed bugs each time a room is cleaned, including stripping the beds to look at the mattresses and looking in "the nooks and crannies" of the rooms.

[10] Johnson argues, however, that "bed bugs and bed bug shells are not usually found in hotel beds unless the hotel's cleaning procedures f[a]ll below the reasonable standard." Appellant's Br. p. 11. His argument assumes that he would not have woken up to bed-bug bites if the housekeepers had done a better job cleaning and/or inspecting his room. But because of the hidden nature of bed bugs, it is entirely possible that a more thorough cleaning and inspection would not have discovered or eliminated the bed bugs. Johnson has thus failed to prove that the presence of bed bugs in his hotel room on January 1 or 2, 2017, more probably resulted from Blue Chip's negligence as opposed to another cause. *See Cergnul*, 785 N.E.2d at 332 (concluding that the plaintiff failed to satisfy the requirements of the res ipsa loquitur doctrine: "it is axiomatic that stair railings can become loose and fall through no negligence on the part of a landowner. For instance, a screw behind the wall could have fractured or another guest could have vandalized the railing just before Cergnul used it. Moreover, the evidence showed that neither the Super 8's manager nor

any of the hotel employees experienced any difficulties with the railing prior to Cergnul's fall.").

[11]     Johnson argues that even if the res ipsa loquitur doctrine does not apply, Blue Chip is liable under premises liability. As a hotel guest, Johnson was an invitee of Blue Chip. *See Holiday Hosp. Franchising, Inc. v. AMCO Ins. Co.*, 983 N.E.2d 574, 580 n.8 (Ind. 2013). Under Indiana premises-liability law, the owner or possessor of land owes the highest duty of care to its invitees: the duty to exercise reasonable care for their protection while they are on the premises. *Roumbos v. Vazanellis*, 95 N.E.3d 63, 66 (Ind. 2018). Indiana has adopted the Restatement (Second) of Torts section 343, which provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
>> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>>
>> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>>
>> (c) fails to exercise reasonable care to protect them against the danger.

*Id.* (citing Restatement § 343). An invitor is not the insurer of the invitee's safety, and before liability may be imposed on the invitor, it must have actual or constructive knowledge of the danger. *Schultz v. Kroger Co.*, 963 N.E.2d 1141,

1144 (Ind. Ct. App. 2012). Constructive knowledge can be found when a condition has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the invitor had used ordinary care. *Id.*

[12] Here, the small-claims court found that Johnson failed to prove that Blue Chip had either actual or constructive knowledge that bed bugs were present in Room 1253 on January 1 or January 2, 2017, Appellant's App. Vol. II p. 8, and the record supports this finding. According to Luna, Blue Chip did not have actual knowledge that there were bed bugs in Room 1253 on January 1 or 2 until Johnson called guest services to report them.

[13] Regarding whether Blue Chip had constructive knowledge, the record reflects that Blue Chip has policies and procedures for inspecting and treating hotel rooms for bed bugs. That is, Blue Chip's hotel rooms are cleaned and inspected daily, which includes looking for evidence of bed bugs on mattresses and in "the nooks and crannies" of the rooms. If a bed bug is found during an inspection, that room as well as the neighboring rooms are taken out of service. A professional pest-control company is called to inspect and, if necessary, treat the rooms. The treated rooms are held out of service until the pest-control company certifies that they're clean and safe to rent.

[14] The record also reflects that not only did Blue Chip have bed-bug policies and procedures in place in January 2017, but Blue Chip followed them as well. That is, about two months before Johnson checked into Room 1253 at Blue

Chip, on November 4, 2016, bed bugs were found in the same room. At that time, Terminix "inspected and treated the room and held [it] out of service until . . . November 11, 201[6]." Tr. p. 35. From November 11, 2016, until January 2, 2017, Blue Chip did not receive any other complaints of bed bugs in Room 1253 even though the room was rented during that time. *Id.* Accordingly, the small-claims court did not err in determining that Johnson failed to prove that Blue Chip had actual or constructive knowledge that bed bugs were present in Room 1253 on January 1 or 2, 2017. We therefore affirm the small-claims court's judgment in favor of Blue Chip.

[15] Affirmed.

Riley, J., and Kirsch, J., concur.