

FILED

Mar 08 2019, 5:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Daniel H. Pfeifer
James P. Barth
Pfeifer, Morgan & Stesiak
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Edward L. Murphy, Jr.
Lauren R. Deitrich
Rothberg Logan & Warsco LLP
Fort Wayne, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Michelle Converse,

*Appellant-Plaintiff,*

v.

Elkhart General Hospital, Inc.,

*Appellee-Defendant.*

March 8, 2019

Court of Appeals Case No.
18A-CT-1658

Appeal from the Elkhart Circuit
Court

The Honorable Michael A.
Christofeno, Judge

Trial Court Cause No.
20C01-1307-CT-119

**Robb, Judge.**

# Case Summary and Issue

[1] Michelle Converse appeals the trial court's grant of summary judgment in favor of Elkhart General Hospital, Inc. on her claim of negligence. Converse presents only one issue for our review, whether the trial court erred when it granted summary judgment in favor of Elkhart General. Concluding the trial court erred in granting summary judgment in favor of Elkhart General, we reverse and remand.

# Facts and Procedural History

[2] In early 2012, Converse was an employee of American Nursing Care ("ANC"), which conducted its home health care business from a building owned by Elkhart General. ANC had leased the building since July 1, 2011, and Converse went to the location two to three times per week to pick up or drop off paperwork and to attend case conferences before dismissing patients. ANC instructed all its employees to use the side door to enter and exit the building.

[3] After one such conference on April 10, 2012, Converse walked from the side door to her car in the parking lot around 9:25 a.m. Converse was returning to the building on the clear, sunny morning when she spotted another nurse, Dale Fish, with whom she needed to speak. Converse yelled Fish's name and attempted to run after him but fell on the way to Fish's car. Converse claims she lost her balance when she stepped on a landscaping rock that was loose on the sidewalk, hit the raised concrete area adjacent to the sidewalk, stepped on

another rock, and fell. Converse injured her arm in the fall and required several surgeries. Converse claimed that she did not see the rock prior to her fall and had never noticed any rocks on the sidewalk before but that she observed scattered landscaping rocks on the sidewalk "here and there" after the fall. Appellant's Appendix, Volume 2 at 134.

[4] On July 22, 2013, Converse filed a complaint for damages against Elkhart General, alleging negligence on the basis of premises liability. Elkhart General moved for summary judgment on March 5, 2018. The trial court heard arguments on May 14 and granted summary judgment in favor of Elkhart General on June 21. Converse now appeals.

# Discussion and Decision

## I. Standard of Review

[5] We review a summary judgment order with the same standard applied by the trial court. *City of Lawrence Util. Serv. Bd. v. Curry*, 68 N.E.3d 581, 585 (Ind. 2017). Summary judgment is appropriate only when "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). In the summary judgment context, we are not bound by the trial court's specific findings of fact and conclusions of law. *Rice v. Strunk*, 670 N.E.2d 1280, 1283 (Ind. 1996). The trial court's findings and conclusions merely aid our review by providing us with a statement of reasons for the trial court's actions. *Id.*

[6] Moreover, our review is limited to those facts designated to the trial court, T.R. 56(H), and we construe all facts and reasonable inferences drawn from those facts in favor of the non-moving party, *Meredith v. Pence*, 984 N.E.2d 1213, 1218 (Ind. 2013). On appeal, the non-moving party carries the burden of persuading us the grant of summary judgment was erroneous. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). A grant of summary judgment will be affirmed if it is sustainable upon any theory supported by the designated evidence. *Miller v. Danz*, 36 N.E.3d 455, 456 (Ind. 2015).

## II. Premises Liability

[7] To prevail on a claim of negligence, Converse must establish: (1) Elkhart General owed a duty to Converse; (2) Elkhart General breached that duty by allowing its conduct to fall below the applicable standard of care; and (3) Elkhart General's breach of duty proximately caused a compensable injury to Converse. *Rhodes v. Wright*, 805 N.E.2d 382, 385 (Ind. 2004).

[8] Before proceeding to the merits of the parties' arguments, however, we pause to emphasize Indiana's unique summary judgment standard. Contrary to the federal standard which permits the moving party to merely show the party carrying the burden of proof lacks evidence on a necessary element, Indiana law requires the moving party to "affirmatively negate an opponent's claim." *Hughley*, 15 N.E.3d at 1003 (quotation omitted). Or, to put it more simply, Indiana law requires a movant to prove their opponent would lose, rather than simply showing their opponent is unlikely to win. If, and only if, the movant

sustains this burden does the burden shift to the opponent to set forth specific facts showing that there is a genuine issue of material fact. *Markley Enters., Inc. v. Grover*, 716 N.E.2d 559, 564 (Ind. Ct. App. 1999). If the movant fails in their initial burden or the non-movant successfully designates evidence establishing a genuine issue of material fact, summary judgment must be denied. *Hughley*, 15 N.E.3d at 1004 (noting "Indiana consciously errs on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims.") And, with this "more onerous burden[,]" *id.* at 1003, in mind, we turn to the parties' arguments.

[9] Converse's status at the time of the accident was an invitee. Under Indiana premises liability law, a landowner owes the highest duty to an invitee: the duty to exercise reasonable care for his protection while he is on the landowner's premises. *Burrell v. Meads*, 569 N.E.2d 637, 639-40 (Ind. 1991). This duty extends to keeping a parking lot safe and providing a safe and suitable means of ingress and egress. *Vernon v. Kroger Co.*, 712 N.E.2d 976, 979 (Ind. 1999).

[10] "When a physical injury occurs as a result of a condition on the land, the three elements described in Restatement (Second) of Torts Section 343, accurately describe the landowner-invitee duty." *Rogers v. Martin*, 63 N.E.3d 316, 322-323 (Ind. 2016). Section 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

## A. Unreasonable Risk of Harm

[11] Applying Section 343 to the facts presented here, the trial court concluded Converse failed to designate evidence that the landscaping rocks on the sidewalk presented an unreasonable risk of harm. *See* Appealed Order at 6, ¶ 19. In light of our more onerous summary judgment standard, however, we must disagree.

[12] On summary judgment, Elkhart General designated the following evidence from Converse's testimony:

(1)     Converse admits she normally looks where she is walking;

(2)     before the incident, on a clear day, she never saw the rock;

(3)     after the fall she saw some scattered rocks on the sidewalk and similar landscaping rocks adjacent to the sidewalk; and

(4)    she failed to take basic safety measures that are appropriate in just about any situation, such as looking where you're walking.

Appellant's App., Vol. 2 at 49. Elkhart General then argued these statements "preclude any reasonable inference that the rock posed an 'unreasonable' danger." *Id*. But, rather than affirmatively negating Converse's claim and demonstrating that no genuine issue of material fact remained, Elkhart General's designated evidence actually highlighted several disputes of fact on its face, namely: whether Converse was looking where she was walking at the time of her fall and whether the landscaping rocks posed an unreasonable danger even to those exercising basic safety measures.

[13]    Regardless, even if we were to assume this evidence shifted the burden to Converse to designate evidence that the condition posed an unreasonable risk of harm, Elkhart General was still not entitled to summary judgment. A condition poses an unreasonable risk of harm when there is a "sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Cty of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002). And, in response to Elkhart General's motion, Converse designated evidence that Elkhart General decorated the area next to the sidewalk with rocks of a similar color as the sidewalk and that Elkhart General failed to install a border or barrier to keep the rocks from littering the sidewalk. Converse then slipped and fell on a rock that she did not see, she suspects, because the color blended together. This evidence was sufficient, even

if minimally so, to present a question of fact as to whether Elkhart General knew or should have known that if the rocks were to litter the sidewalk, they would create an unreasonable risk of harm. Moreover, because of the similarity in color, this evidence also presents a question of whether Elkhart General should have expected invitees to fail to discover the danger or protect themselves from it. *See Rhodes,* 805 N.E.2d at 387.

[14] Elkhart General could have designated evidence in the form of an affidavit, expert opinion, or other evidence that established the landscaping rocks did not pose an unreasonable risk of harm. However, because it failed to do so, the burden never shifted to Converse, and the trial court therefore erred in granting summary judgment.

## B. Actual or Constructive Knowledge

[15] Next, Elkhart General designated parts of Converse's testimony to argue she lacked "evidence showing that any other person associated with Elkhart General Hospital was aware of any issues related to the alleged condition prior to the trip-and-fall." Appellant's App., Vol. 2 at 50; *see Carmichael v. Kroger Co.*, 654 N.E.2d 1188, 1191 (Ind. Ct. App. 1995) (noting that as an invitor is not the insurer of the invitee's safety, an invitor must have actual or constructive knowledge of the danger before liability may be imposed), *trans. denied*. Once again, Elkhart General's argument misunderstands Indiana's summary judgment standard. Indeed, "it is well-settled that merely alleging that the plaintiff has failed to produce evidence on each element of a claim is insufficient

to entitle the defendant to summary judgment under Indiana law." *J.H. v. St. Vincent Hosp. and Health Care Ctr., Inc.*, 19 N.E.3d 811, 818 (Ind. Ct. App. 2014) (citing *Jarboe v. Landmark Cmty. Newspapers of Ind., Inc.*, 644 N.E.2d 118, 123 (Ind. 1994)).

[16] In this regard, a good example of a defendant meeting Indiana's burden on summary judgment was presented in *Schulz v. Kroger Co.*, 963 N.E.2d 1141 (Ind. Ct. App. 2012). There, a customer slipped and fell on a clear liquid near a Seven-Up display. The customer brought suit against Kroger and the trial court eventually granted summary judgment in Kroger's favor. On appeal, we concluded Kroger had designated sufficient evidence to establish that it lacked actual or constructive knowledge of the condition and that Kroger had therefore affirmatively negated an element of the customer's claim. Specifically, Kroger designated an affidavit stating that no Kroger employee had been notified of the spill near the Seven-Up display. Therefore, in the absence of any evidence to the contrary, we concluded Kroger had established that it "did not have actual knowledge of the hazardous condition." *Id.* at 1144.

[17] The affidavit also stated that pursuant to Kroger's policies, an employee had been in the area of the spill within five to ten minutes of the fall and that there was no clear liquid on the floor. Noting that constructive knowledge is defined as a "condition which has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care[,]" *id.* at 1144, we explained:

It is evident from the designated evidence before us that the window of time between a Kroger employee being present in the area where [the customer] fell and [the customer's] fall was ten minutes at most. Ten minutes prior to her fall, the floor was clean and dry. Short of imposing a strict liability standard or mandating an employee's presence in every aisle at all times, we conclude that there is no genuine issue of fact in the case before us that Kroger did not have constructive knowledge of the hazardous condition.

*Id.* at 1145.

[18] Similarly here, Elkhart General could have designated an affidavit demonstrating that it lacked actual or constructive knowledge of the condition. But, once again, Elkhart General failed to affirmatively negate this element of Converse's claim and summary judgment on this issue was improper.

## C. Known and Obvious Condition

[19] Next, Converse argues the trial court erred in concluding the landscaping rock was a "known and obvious" condition. *See* Appealed Order at 5, ¶ 17. We agree.

[20] The Restatement instructs that Section 343 should be read together with Section 343A. Restatement § 343, cmt. a. Section 343A(1) provides:

A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

*See, e.g.*, *Rhodes*, 805 N.E.2d at 387 (quoting Restatement § 343A(1)). A condition on the land or premises is "known" if the plaintiff is both aware of the condition and appreciates its danger. Restatement § 343A, cmt. b. A condition is "obvious" if both the condition and the risk are apparent to, and would be recognized by, a reasonable person in the position of the visitor exercising ordinary perception, intelligence, and judgment. *Id.*

[21] Our supreme court recently addressed the issue of known and obvious conditions in *Roumbos v. Samuel G. Vazanellis & Thiros & Stracci, PC*, 95 N.E.3d 63 (Ind. 2018). There, a client brought a legal malpractice action against a law firm for missing the deadline to file her premises liability action against a hospital where she was injured after tripping on cords lying on the floor. Under the "trial-within-a-trial" doctrine, the law firm invoked the defense that the hospital would have asserted:

> that the hospital did not breach its duty under premises-liability law because [the client's] fall was caused by a known or obvious condition: the wires and cords lying on the floor on which [the client] allegedly tripped.

*Id.* at 64. Because the client had provided evidence that the wires were unknown to her, the issue turned on whether the condition was "obvious." *Id.* at 67. Our supreme court explained:

> The second prong of our Section 343 analysis asks a similar question about the obviousness of the condition, but does so from the perspective not of the invitee but of the landowner. Section 343 considers whether the landowner should expect that invitees

will fail to discover or realize the danger, or will fail to protect themselves against it. When analyzing breach of duty under Section 343, we evaluate a landowner's knowledge under an objective, reasonable-person standard. *See Smith v. Baxter*, 796 N.E.2d 242, 244 (Ind. 2003). Thus, the same analysis applies, whether viewed from the landowner's perspective under Section 343 or from the invitee's under Section 343A. Either way, it is an issue of reasonableness: What should the landowner expect will not be discovered under Section 343? And what should be obvious to the invitee under Section 343A?

Whether a risk is obvious is a question courts can sometimes resolve on summary judgment. For example, we found no issue of material fact regarding a golf-course operator's objectively reasonable expectation that persons on the course would "realize the risk of being struck by an errant golf ball and take appropriate precautions." *Pfenning v. Lineman*, 947 N.E.2d 392, 406 (Ind. 2011). Viewed through the lens of Section 343A, we could also say that the risk of errant golf balls is apparent to and recognized by a reasonable person on a golf course exercising ordinary perception, intelligence, and judgment.

We have likewise held that a professional baseball club would have no reason to believe that a spectator in the stands would not realize the danger of or fail to protect herself from foul balls entering the stands. *S. Shore Baseball, LLC v. DeJesus*, 11 N.E.3d 903, 910 (Ind. 2014) (holding that danger's obviousness was highlighted by warning printed on her ticket, warning sign in aisle near her seat, and public-address announcement made before beginning of game). From the vantage point of the reasonable invitee, the risk of baseballs entering the stands was obvious.

Unlike the obvious risks in those cases, however, we conclude that a material factual dispute remains here: Does the firm's designated evidence establish that the various wires on the

> hospital-room floor and the risks they pose would be apparent to
> a reasonable person? Construing the designated facts most
> favorably to [the client] and drawing all reasonable inferences in
> her favor, we hold that a jury could reasonably find the wires
> were not obvious to the ordinary reasonable person in [the
> client's] position.

*Id.* at 67-68.

[22]    Returning to the facts presented here, the evidence establishes that Converse did not see the rock and she did not know of any rocks on the sidewalk before that point. *See* Appellant's App., Vol. 2 at 133; *Meredith*, 984 N.E.2d at 1218 (noting that we construe all factual inferences in favor of the nonmoving party). Therefore, the condition could not, under our summary judgment standard, have been "known" by Converse. *See* Restatement § 343A, cmt. b. The question then becomes, as in *Roumbos*, whether the condition was "obvious[.]" 95 N.E.3d at 67.

[23]    To that point, Elkhart General claims this case is on "all fours" with this court's recent decision in *Podemski v. Praxair, Inc.*, 87 N.E.3d 540 (Ind. Ct. App. 2017), *trans. denied*. Brief of Appellee at 13. There, the court applied Section 343 and 343(A)(1) where a truck driver slipped and fell on air hose running downward from a post into a grate in a darkened area of the facility. *Id.* at 542. The designated evidence established that the truck driver had been at the facility roughly every day for "many years[,]" was aware the facility had lacked lighting in that area for over five years, and carried a flashlight which he used to "look around[.]" *Id*. at 548. The court therefore concluded the "condition presented

by the air hose and the illumination of the area around the hose was known and obvious." *Id.*

[24] We view the facts presented here as distinguishable from *Podemski*. The truck driver in *Podemski* visited the facility almost every day and had "known" of the area's insufficient lighting and the dangers that may entail. Converse, however, only visited the building two to three times per week and was unaware of the landscaping rocks. *See* Appellant's App., Vol. 2 at 138. In that sense, these facts are similar to the client in *Roumbos* who had been to the hospital a "number of times" but there was no evidence that the prior rooms she visited were identically configured or that there were wires on the floor. 95 N.E.3d at 68; *see* Appellant's App., Vol. 2 at 138 (Converse testified that she did not normally walk on the area of the sidewalk where she fell).

[25] In light of these factual similarities with *Roumbos*, we ask the same question: Does Elkhart General's designated evidence establish that the rocks on the sidewalk and the risks they pose would be apparent to a reasonable person? Unlike the errant golf ball in *Pfenning*, 947 N.E.2d at 406, the foul ball in *S. Shore Baseball, LLC*, 11 N.E.3d at 910, or the air hose concealed by darkness in *Podemski,* 87 N.E.3d at 542, our answer is *no*. Therefore, whether the landscaping rocks generally, or the rocks littering the sidewalk specifically, posed a danger that was "known" to Converse, or that such danger should have been "obvious" to her, are factual questions which remain for trial. *See Roumbos*, 95 N.E.3d at 67.

In sum, Elkhart General remains free to argue these questions to the jury.[1] Or, should Elkhart General designate sufficient evidence to *affirmatively negate* an element of Converse's claim in a future motion for summary judgment and should Converse fail to designate sufficient evidence to show a question of fact, Elkhart General could avoid these questions altogether. However, on the facts presented here, we conclude the trial court erred in granting summary judgment in favor of Elkhart General and we therefore reverse the trial court's order and remand for further proceedings.

# Conclusion

For the reasons stated above, we reverse the trial court's order granting summary judgment in favor of Elkhart General and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

Riley, J., and Kirsch, J., concur.

---

[1] Under the Comparative Fault Act, "[t]he comparative knowledge of a possessor of land and an invitee regarding known or obvious dangers may properly be taken into consideration in determining whether the possessor breached the duty of reasonable care under Sections 343 and 343A of the Restatement (Second) of Torts." *Smith v. Baxter*, 796 N.E.2d 242, 245 (Ind. 2003).